**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:15-CV-81470-KAM**

MONICA KAIMAKLIOTIS,

    Plaintiff,

v.

CHANEL, INC., a foreign corporation,

    Defendant.

**JOINT MOTION TO FILE RELEASE**
**AND SETTLEMENT AGREEMENT UNDER SEAL**

Plaintiff, MONICA KAIMAKLIOTIS ("Plaintiff"), and Defendant, CHANEL, INC., ("Defendant"), by their undersigned counsel and pursuant to Local Rule 5.4(b), respectfully move this Court for leave to file **Exhibit A** to their anticipated Joint Motion For Dismissal With Prejudice And Approval Of Release and Settlement Agreement under seal.  The referenced exhibits contains the parties' confidential settlement agreement, which contains confidentiality provisions.  Under the terms of the Release and Settlement Agreement, confidentiality is a material term that cannot be obtained if the agreement is made available to the public.  This reason and the others detailed below justify filing under seal.

    1.    Plaintiff brought this matter alleging, amongst other things, that Defendant owes her unpaid wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

    2.    Defendant has denied Plaintiff's allegations and maintained that it properly classified her as an exempt employee under the FLSA.  Defendant has further contended that its actions and decisions with respect to Plaintiff's classification and pay were taken and made in good faith.

3. After extensive negotiations, the parties have reached a settlement of all claims in this lawsuit. The settlement agreement comprise **Exhibit A** to the parties' Joint Motion For Dismissal With Prejudice And Approval Of Release and Settlement Agreement. The parties agree that the settlement fully and fairly compensates Plaintiff for her alleged losses.

4. Paragraph 11 of the settlement agreement contains confidentiality provisions, which encompass the terms of the agreement, the settlement amount, and the facts and circumstances giving rise to the lawsuit. Thus, pursuant to Local Rule 5.4(b)(2), the parties have conventionally filed **Exhibit A** as a sealed document.

5. Pursuant to Local Rule 5.4 and Federal Rule of Civil Procedure 5.2(d), the Court has authority to permit a filing to be made under seal. *See also Nixon v. Warner Comm., Inc.*, 433 U.S. 589, 598 (1978) (noting that "[e]very court has supervisory power over its own records and files.").

6. With such authority, courts regularly approve FLSA settlement agreements after reviewing them under seal and allow the terms to remain confidential. *See e.g., Freyre v. Tin Wai Hui DMD, P.A.*, Civ. A. No. 8-22810-CIV-MOORE, 2009 WL 89283, at * 3 (S.D. Fla. Jan 13, 2009) (approving settlement in FLSA case where confidential agreement was filed for *in camera* review only).

7. To make a determination that a settlement is fair and reasonable, this Court must review the parties' settlement agreement. As noted above, Paragraph 11 of the settlement agreement contains confidentiality provisions that encompass the agreement's terms, the settlement amounts, and the facts and circumstances giving rise to the lawsuit. Such provisions, which are common in FLSA cases, are material terms that cannot be effectuated if the agreement is publicly available. Therefore, the parties have a significant interest in upholding the

confidentiality of the settlement agreement by filing it under seal.

8. Further, the circumstances peculiar to the instant litigation are what drove the settlement in this case - such circumstances should not be allowed to bias any other case. The parties agree that it is both critical and appropriate that the confidential nature of their settlement agreement be preserved.

Wherefore, the parties respectfully request that this Court enter the attached Proposed Order allowing the settlement agreement to be filed under seal and to remain under seal permanently.

DATED: April 12, 2016    Respectfully submitted,

By: s/Paul Kunz
Paul Krunz
paul@bandervisa.com
Fla. Bar. No. 0159492
BANDER LAW FIRM PLLC
1174 NE 96th Street
Miami, FL 33138
Telephone: (305) 871-2262
Facsimile: (305) 924-1228
Attorney for Plaintiff
MONICA KAIMAKLIOTIS

By: s/Alex S. Drummond
Alex S. Drummond
adrummond@seyfarth.com
Fla. Bar. No. 0038307
Arielle Eisenberg
areisenberg@seyfarth.com
Fla. Bar. No. 0111467
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Attorneys for Defendant
CHANEL, INC.