**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 9:15-CV-81470-KAM**

MONICA KAIMAKLIOTIS,

        Plaintiff,

   v.

CHANEL, INC., a foreign corporation,

        Defendant.

**JOINT MOTION FOR DISMISSAL WITH PREJUDICE**
**AND APPROVAL OF RELEASE AND SETTLEMENT AGREEMENT**

The parties, by and through their undersigned attorneys, respectfully move this Court for issuance of an Order approving the terms of the settlement reached in this matter and dismiss Plaintiff's claims in their entirety with prejudice. In further support of their Motions, the parties state as follows:

1. Plaintiff, MONICA KAIMAKLIOTIS ("Plaintiff") brought this matter alleging, amongst other things, that Defendant, CHANEL, INC., ("Defendant"), owes her unpaid wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendant denies any wrongdoing and maintains that the Plaintiff was at all times an exempt employee. However, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter.

3. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. To approve the settlement, the Court need only determine that the compromise is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions. *Id.* at 1354. If the settlement meets this criteria, the Court should approve the settlement in order to promote the policy of private resolution of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F. 2d 537, 539 (5th Cir. 1977).

4.      Having thoroughly reviewed the settlement agreement and its particular provisions, releases, and waivers, each party to the agreement executed the Release and Settlement Agreement. The parties submit that the agreement is a reasonable resolution of Plaintiff's claims for damages under the FLSA, and this Court should approve the settlement. Pursuant to the Order Denying Motion to File Release and Settlement Agreement Under Seal, the parties request a telephonic hearing to confirm the terms and the fairness of their agreement.

5.      For the reasons set forth above, in addition to the fact that that the parties were represented by competent counsel having experience in FLSA claims, the agreement is a reasonable resolution of Plaintiff's claims for damages and this court should approve the parties' settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing Plaintiff's claims with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting the parties such further relief as the Court deems just.

DATED:  April 14, 2016                              Respectfully submitted,


By: s/Paul Kunz                                          By:  s/Alex Drummond
    Paul Krunz                                              Alex S. Drummond
    paul@bandervisa.com                          adrummond@seyfarth.com
    Fla. Bar. No. 0159492                           Fla. Bar. No. 0038307
    BADER LAW FIRM PLLC                      Arielle Eisenberg
    174 NE 96th Street                               areisenberg@seyfarth.com
    Miami, FL 33131                                   Fla. Bar. No. 0111467
    Telephone:(305) 871-2262                   SEYFARTH SHAW LLP
    Facsimile:(305) 924-1228                     1075 Peachtree Street, N.E.
    Attorney for Plaintiff                            Suite 2500
    MONICA KAIMAKLIOTIS                    Atlanta, GA  30309-3958
                                         Telephone:(404) 885-1500
                                         Facsimile:(404) 892-7056
                                         Attorneys for Defendant
                                         CHANEL, INC.